# EXHIBIT A

Case 1:23-cv-07848-ARR-LB   Document 1-2   Filed 10/20/23   Page 2 of 9 PageID #: 9

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS

| | |
|---|---|
| MINGJI AVE4 REALTY, LLC, and<br>STAR UNIVERSE RENOVATION CORP., | Index No. |
| Plaintiffs, | **COMPLAINT** |
| – against – | |
| COLONY INSURANCE COMPANY,<br>and PELEUS INSURANCE COMPANY | |
| Defendants. | |

Plaintiffs MingJi Ave4 Realty, LLC ("MingJi") and Star Universe Renovation Corp.

("Star"), by their attorneys, Zumpano Patricios & Popok, PLLC, as and for its complaint against

defendants Colony Insurance Company ("Colony") and Peleus Insurance Company ("Peleus"),

upon knowledge as to their own actions and upon information and belief as to all other matters,

allege as follows:

### NATURE OF ACTION

1.      This is a declaratory judgment action seeking an insurance coverage

determination in connection with an underlying lawsuit for personal injuries a worker allegedly

sustained during a construction project located at 7910 4th Avenue, in Brooklyn ("Premises").

Plaintiffs, MingJi, the owner of the Premises, and Star, the general contractor of the construction

project, seek a judgment declaring that its insurer, defendant Colony Insurance Company

("Colony"), is obligated to defend, indemnify and provide coverage to the fullest extent possible

under a commercial general liability policy Colony issued to MingJi.  MingJi also seeks a

judgment declaring that its excess insurer, defendant Peleus Insurance Company ("Peleus") is

also obligated to defend, indemnify, and provide coverage to the fullest extent possible under the excess commercial general liability policy Peleus issued to MingJi.

## THE PARTIES

2.     Plaintiff MingJi Ave4 Realty, LLC, is a New York limited liability company with its principal office located in Kings County, New York.

3.     Plaintiff Star Universe Renovation Corp., is a New York corporation with its principal office located in Richmond County, New York.

4.     Defendant Colony Insurance Company is a Virginia corporation with its principal place of business in Richmond, Virginia. Colony is licensed and authorized to do business, including issue insurance policies, in the State of New York.

5.     Defendant Peleus Insurance Company is a Virginia corporation with its principal place of business in Richmond, Virginia. Peleus conducts business, including the issuance of insurance policies, in the State of New York.

## THE COLONY INSURANCE POLICY ISSUED TO NH AND STAR

6.     Colony issued Commercial General Liability Policy 600 GL 0211146-00 ("Colony Policy") to MingJi and Star for the September 13, 2022 to September 13, 2024 policy period.

7.     The Colony Policy provides coverage to MingJi and Star in the event of occurrences resulting in bodily injury, such as that alleged in the Avilez Lawsuit.

8.     Colony under the Colony Policy has a duty to defend, indemnify and cover MingJi and Star to the fullest extent possible under the Colony Policy in the against any suit, including the Avilez Lawsuit, seeking damages because of bodily injury.

2

Case 1:23-cv-07848-ARR-LB   Document 1-2   Filed 10/20/23   Page 4 of 9 PageID #: 11

## COLONY'S DENIAL OF COVERAGE

9.      In or about November 2022, MingJi received a letter from Avilez's attorney advising that Avilez intended to pursue a claim for personal injuries arising from an accident alleged to occur on or about October 26, 2022.

10.     MingJi promptly notified Colony, also on Star's behalf, that it had received notification of the Avilez occurrence and personal injury claim and requested coverage and tender of defense under the Colony Policy.

11.     By letter dated December 13, 2022, Colony denied coverage and a defense in the *Avilez* Lawsuit ("Denial Letter").

12.     The Denial Letter claimed that MingJi failed to provide documents required by the "Contractor Warranty – Split Schedule", an endorsement contained in the Colony Policy:

> As stated in the endorsement, no coverage is provided under the CIC Primary Policy if MingJi fails to meet all "contractor conditions" to coverage as set forth in the applicable SCHEDULE. Under either SCHEDULE, MingJi was required to have a signed "agreement" with the contractor. The agreement must provide for the contractor to "defend [and] indemnify" as specified in the applicable SCHEDULE with respect to the work to be performed by the contractor at the Project. Per the endorsement under either SCHEDULE, MingJi was to keep the required documents with its contractor "on file" and "available" at request.
>
> Here, MingJi has failed and refused to provide the documents required by the endorsement when so requested and has thereby failed to meet the conditions precedent to coverage under the CIC Primary Policy. Accordingly, MingJi's breach of the contractor conditions of the endorsement support the Determination that the Avilez Claim is outside the scope of coverage of the CIC Primary Policy.

13.     Colony's determination that MingJi failed and refused to provide the documents required by the endorsement was not true.

14.     MingJi made many efforts to communicate and cooperate with Colony's representatives.

3

Case 1:23-cv-07848-ARR-LB   Document 1-2   Filed 10/20/23   Page 5 of 9 PageID #: 12

15.     MingJi timely provided all necessary documents as required under the Colony Policy when requested.

## THE PELEUS INSURANCE POLICY ISSUED TO NH AND STAR

16.     Peleus issued Commercial Excess Liability Policy AR 4239400-0 ("Peleus Excess Policy") to MingJi and Star for the September 13, 2022 to September 13, 2024 policy period.

17.     The Peleus Excess Policy provides coverage to the insured in the event of occurrences resulting in bodily injury, such as that alleged in the Avilez Lawsuit.

18.     Peleus pursuant to the Peleus Excess Policy has a duty to defend and indemnify and provide coverage to MingJi and Star against any suit seeking damages because of bodily injury.

## PELEUS' DENIAL OF COVERAGE

19.     In the Denial Letter from Colony dated December 13, 2022, Colony stated that the "Avilez Claim was also reviewed by Peleus to determine coverage under the Peleus Excess Policy.

20.     The Denial Letter informed MingJi of Peleus' decision to deny coverage under the Peleus Excess Policy:

> The coverage terms of the PIC Excess Policy are 'Follow Form' to the CIC Primary Policy. The final purpose of this letter is to advise MingJi that PIC determined that the Avilez Claim is outside the scope of coverage of the PIC Excess Policy and that PIC has asserted a Reservation of Rights.

21.     Colony's determination that the Avilez claim was outside the coverage afforded under the Peleus Excess Policy was wrong.

4

Case 1:23-cv-07848-ARR-LB Document 1-2 Filed 10/20/23 Page 6 of 9 PageID #: 13

### THE AVILEZ LAWSUIT

22.      The underlying lawsuit is *Luis Angel Gome Avilez v. MingJi Ave4 Realty LLC,*

*Star Universe Renovation Corp., Eric & Ng Electrical Inc., and W8 Electric Corp.*, filed on

November 8, 2022, in Supreme Court, Bronx County, and assigned Index No. 816681/2022

23.      The complaint alleges that on or about October 26, 2022, plaintiff suffered

personal injuries while working at 7910 4th Avenue, County of Kings, State of New York

("Premises").

24.      The complaint alleges violations of New York Labor Law §§200; 240(1) and

240(6).

### AS AND FOR A FIRST CAUSE OF ACTION
*Declaratory Judgment against Colony Insurance Company*

25.      Plaintiff repeats and realleges the foregoing allegations as though they were fully

set forth here.

26.      The Avilez Lawsuit seeks damages against MingJi and Star for bodily injury

Darwin Avilez allegedly incurred while working at the Premises.

27.      The alleged accident in the Avilez complaint is a covered occurrence under the

policy and there are no exclusions or endorsements in the Colony Policy to bar coverage and a

defense on behalf of the insureds, MingJi and Star, in the Avilez Lawsuit.

28.      The Colony Policy was in full force and effect on October 26, 2022, the date of

the accident alleged in the Avilez complaint.

29.      MingJi and Star met all conditions and requirements under the Colony Policy.

5

30.     There are no endorsements or exclusions under the Colony Policy that would prevent Colony's fulfillment of its duty to cover, indemnify and defend MingJi and Star in the Avilez Lawsuit.

31.     Colony is obligated under the Colony Policy to defend and indemnify MingJi and Star in the Avilez Lawsuit.

32.     Colony wrongly denied coverage to MingJi and Star for the Avilez Lawsuit and its determinations in its December 12, 2022 denial of coverage letter were incorrect.

33.     MingJi is entitled to a declaratory judgment, declaring that Colony is obligated and has a duty to defend and indemnify MingJi in the Avilez Lawsuit.

34.     Star is entitled to a declaratory judgment, declaring that Colony is obligated and has a duty to defend and indemnify Star in the Avilez Lawsuit.

## AS AND FOR A SECOND CAUSE OF ACTION
*Declaratory Judgment against Peleus Insurance Company*

35.     Plaintiff repeats and realleges the foregoing allegations as though they were fully set forth here.

36.     The Avilez Lawsuit seeks damages against MingJi and Star for bodily injury Darwin Avilez incurred while working at the Premises.

37.     The accident resulting in bodily injury alleged in the Avilez complaint is a covered occurrence under the Peleus Excess Policy.

38.     There are no exclusions or endorsements in the Peleus Excess Policy that would bar coverage, or Peleus' duty to indemnify and defend MingJi in the Avilez Lawsuit.

39.     The Peleus Excess Policy was in full force and effect on October 26, 2022, the date of the accident alleged in the Avilez complaint.

6

Case 1:23-cv-07848-ARR-LB   Document 1-2   Filed 10/20/23   Page 8 of 9 PageID #: 15

40. Minji met all conditions and requirements under the Peleus Excess Policy.

41. No endorsements or exclusions under the Peleus Excess Policy prevent Peleus' fulfillment of its duty to cover and defend MingJi and Star in the *Avilez* Lawsuit.

42. Peleus is obligated under the Peleus Excess Policy to defend, indemnify and cover MingJi and Star to the fullest extent possible under the Peleus Excess Policy in the Avilez Lawsuit.

43. Peleus wrongly denied excess coverage to MingJi for the Avilez Lawsuit and the determinations included in the denial of coverage letter from Colony, dated December 13, 2022, were in error.

44. MingJi is entitled to a declaratory judgment, declaring that Peleus is obligated and has a duty to defend, indemnify and provide excess coverage to MingJi and Star to the fullest extent possible under the Peleus Excess Policy in the Avilez Lawsuit.

45. Star is entitled to a declaratory judgment, declaring that Peleus is obligated and has a duty to defend, indemnify and provide excess coverage under the Peleus Excess Policy in the Avilez Lawsuit.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs MingJi Ave4 Realty, LLC and Star Universe Renovation Corp., respectfully ask this Court to enter judgment against Defendants Colony Insurance Company and Peleus Insurance Company, as follows:

(A) Declaring that Colony Insurance Company is obligated and has a duty to defend, indemnify and cover to the fullest extent possible to its insureds, MingJi and Star,

7

Case 1:23-cv-07848-ARR-LB   Document 1-2   Filed 10/20/23   Page 9 of 9 PageID #: 16

under Commercial General Liability Policy No. 600 GL 0211146-00 in the Avilez
Lawsuit;

(B)     Declaring that Peleus Insurance Company is obligated and has a duty to defend,
indemnify, and provide excess coverage to the fullest extent possible to MingJi
and Star under Commercial Excess Liability Policy No. AR4239400 in the *Avilez*
Lawsuit;

(C)     for a judgment awarding Plaintiffs all of their costs, disbursements, attorneys'
fees, and expenses incurred in bringing and litigating this declaratory judgment
action; and

(D)     for such other and further relief as this Court may deem just and proper.

Dated: New York, New York
        March 7, 2023

                            Respectfully Submitted,

                            ZUMPANO PATRICIOS & POPOK, PLLC

                    By:     /s/Mark Fang
                            _____

                            Mark Fang
                            134 East 38th Street
                            New York, NY 10016
                            tel: (212) 381-9999
                            mfang@zplaw.com

                            *Attorneys for Plaintiffs*

8