UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

MINGJI AVE4 REALTY, LLC, and STAR UNIVERSE RENOVATION CORP.,

         *Plaintiffs*,

  -against-

COLONY INSURANCE COMPANY, PELEUS INSURANCE COMPANY, and TRAVELERS CASUALTY INSURANCE COMPANY OF AMERICA,

         *Defendants*.

23-CV-7848 (ARR) (LB)

**OPINION & ORDER**

---

ROSS, United States District Judge:

Plaintiffs sued various insurers, arguing that they are entitled to coverage and defense in an underlying state court action. Before me is defendant Travelers Casualty Insurance Company of America's motion to dismiss plaintiffs' claims against it. For the reasons stated herein, I grant the motion.

## BACKGROUND[1]

Plaintiff Star Universe Renovation Corp. ("Star"), a general contractor on a construction project at a site owned by the other plaintiff, MingJi Ave4 Realty, LLC ("MingJi"), retained 2M6 as a subcontractor. Second Amended Compl. ¶¶ 1, 26–29 ("SAC"), ECF No. 10-1. As part of the subcontracting agreement, 2M6 agreed to defend, hold harmless, and indemnify Star and MingJi should anyone file a bodily injury claim against them. *Id.* ¶¶ 29–31; *see id.* Ex. B, ECF No. 10-2; *id.* Ex. C, ECF No. 10-3. Additionally, 2M6 agreed to provide MingJi and Star with insurance coverage under its commercial general liability policy. *Id.* ¶ 43. It accordingly provided them with

---

[1] For the purposes of deciding this motion to dismiss under Federal Rule of Procedure 12(b)(6), I "accept as true all factual allegations" in the SAC and "draw from them all reasonable inferences." *Dane v. UnitedHealthcare Ins. Co.*, 974 F.3d 183, 188 (2d Cir. 2020).

certificates of liability insurance ("COIs") listing MingJi and Star as additional insured parties under 2M6's policy with Travelers Casualty Insurance Company of America ("Travelers"). *Id.* ¶ 44; *see id.* Ex. D, ECF No. 10-4. The COIs further state that they are "issued as a matter of information only" and "confer[] no rights upon the certificate holder," nor do they "amend, extend, or alter the coverage afforded by the polic[y]" to which they pertain. *Id.* Ex. D.

The insurance policy issued by Travelers to 2M6 lists only 2M6 as a named insured and has no provisions or endorsements pertaining to additional insured coverage.[2] *See* Def.'s Mot. Dismiss Ex. E ("Policy"), ECF No. 20-7. It also contains a provision, referred to here as the "contractual liability exclusion," providing that the Policy does *not* apply to any liability assumed contractually by 2M6, unless 2M6 assumes liability for damage "in a contract or agreement that is an 'insured contract.'" SAC ¶ 36. The provision reads in full:

> 2. Exclusions
> This insurance does not apply to:
> …
> b. Contractual Liability
> "Bodily injury" or "property damages" for which the insured is obligated to pay damages by reason of the assumption of liability in a contract or agreement. This exclusion does not apply to liability for damages:
> > (1) That the insured would have in the absence of the contract or agreement; or

---

[2] In considering a motion to dismiss for failure to state a claim, I may consider documents integral to or incorporated by reference in the complaint. *See United States ex rel. Foreman v. AECOM*, 19 F.4th 85, 106 (2d Cir. 2021). Here, the Policy is both integral to and incorporated by reference in the SAC. *See* SAC ¶ 32. There is no dispute regarding its relevance. *See AECOM*, 19 F.4th at 106. Although plaintiffs argue that there are "[m]aterial factual questions . . . in regard to the 'certified' policy Travelers has provided," they do not contend that any differences between versions of the policy are relevant to whether Travelers must insure MingJi and Star—the issue before me on this motion to dismiss. *See* Pls.' Opp'n Mot. Dismiss 6–7, ECF No. 21 (noting that plaintiffs' version of the policy does not include "Driveways, Sidewalks and Parking Areas"). Whether the policy extends to driveways, sidewalks, and parking areas may be relevant to whether the underlying personal injury action falls within the scope of the Policy, but it is not relevant to whether plaintiffs are entitled to coverage under the Policy—nor have plaintiffs argued otherwise. *See id.* For the purposes of this motion, then, there is no genuine dispute regarding the Policy's authenticity or accuracy. *See AECOM*, 19 F.4th at 106. I accordingly consider the Policy here.

> (2) Assumed in a contract or agreement that is an "insured contract", provided that the "bodily injury" or "property damage" occurs subsequent to the execution of the contract or agreement. Solely for the purposes of liability assumed in an "insured contract", reasonable attorneys' fees and necessary litigation expenses incurred by or for a party other than an insured will be deemed to be damages because of "bodily injury" or "property damages", provided that:
> > (a) Liability to such party for, or for the cost of, that party's defense has also been assumed in the same "insured contract"; and
> > (b) Such attorneys' fees and litigation expenses are for defense of that party against a civil or alternative dispute resolution proceeding in which damages to which this insurance applies are alleged.

*Id.*; Policy at 74. The Policy also contains a provision, referred to here as the "supplementary payments provision," stating that it will defend 2M6's indemnitee if certain conditions are met. Policy at 82.

After a laborer sued plaintiffs in New York State Supreme Court, alleging that he fell while working at the construction site, plaintiffs commenced this declaratory judgment action in state court and amended their complaint to add Travelers as a defendant. *See* Def.'s Mot. Dismiss Ex. A, ECF No. 20-3. Travelers removed the matter to federal court on October 20, 2023. Notice of Removal, ECF No. 1. Plaintiffs' SAC became the operative complaint as of November 13, 2023. *See* Docket Entry Dated November 13, 2023; Pre-Motion Conference Request Letter, Ex. A, ECF No. 10-1. The SAC seeks declaratory judgments that Travelers must provide MingJi and Star with coverage and a defense in the underlying state personal injury action, and that MingJi and Star are contractual indemnitees pursuant to the terms of 2M6's policy with Travelers. SAC ¶¶ 2, 78, 83.

## DISCUSSION

### I. Plaintiffs Are Not Additional Insureds Under the Policy

Under New York contract law, "[c]ourts bear the responsibility of determining the rights or obligations of parties under insurance contracts based on the specific language of the policies." *Sanabria v. Am. HomeAssurance Co.*, 508 N.Y.S.2d 416, 416 (1986) (quotation marks omitted).

"[U]nambiguous provisions of an insurance contract must be given their plain and ordinary meaning," and "the interpretation of such provisions is a question of law for the court." *White v. Cont'l Cas. Co.*, 848 N.Y.S.2d 603, 605 (2007). That interpretation must "afford[] a fair meaning to all of the language employed by the parties in the contract and leave[] no provision without force and effect." *Consol. Edison Co. of N.Y. v. Allstate Ins. Co.*, 746 N.Y.S.2d 622, 628 (2002) (quotation marks omitted).

Here, the parties agree that the plain language of the Policy does not list MingJi or Star as additional insureds. *See* Pls.' Opp'n Mot. Dismiss 4 ("Pls.' Opp'n"), ECF No. 21; Defs.' Reply 2, ECF No. 22. Indeed, the Policy contains no provision naming MingJi or Star as additional insureds, nor does it specify the conditions under which private entities such as plaintiffs might qualify as additional insureds. *See generally* Policy. Instead, the Policy refers to additional insureds only when discussing governmental permitting entities. *Id.* at 94. The parties' core dispute therefore centers around whether plaintiffs can establish their status as additional insureds via extrinsic evidence. Plaintiffs rely on two additional documents to support their argument that they are additional insureds under 2M6's policy with Travelers: the COIs that 2M6 provided to plaintiffs and the subcontracting agreements between 2M6 and plaintiffs. *See* Pls.' Opp'n 5–7. Neither approach is availing.

### A. Certificates of Insurance

Under New York law, insurance coverage is determined by who is named on the policy, and a COI that expressly confers no rights upon the plaintiff—like those at issue here, *see* Ex. D— is insufficient to confer coverage where a policy does not otherwise provide it. *Moleon v. Kreisler Borg Florman Gen. Const. Co.*, 758 N.Y.S.2d 621, 623 (1st Dep't 2003) (holding that a COI is "insufficient to establish that" a party is "an additional insured under a policy especially

4

where . . . the policy itself makes no provision for coverage"); *Tribeca Broadway Assocs., LLC v. Mount Vernon Fire Ins. Co.*, 774 N.Y.S.2d 11, 13 (1st Dep't 2004) ("[A] party that is not named an insured or an additional insured on the face of the policy is not entitled to coverage . . . . Nor does the certificate of insurance . . . confer coverage."); *Am. Ref-Fuel Co. of Hempstead v. Res. Recycling, Inc.*, 671 N.Y.S.2d 93, 96(2d Dep't 1998) (holding that a COI that stated that it conferred no rights upon the plaintiff was insufficient to establish that the plaintiff was insured); *see also Golasiewski v. Waste Mgmt. of Pa., Inc.*, No. 09-CV-5180 (RRM) (SMG), 2011 WL 2133788, at *5 (E.D.N.Y. May 27, 2011) (applying New York law and holding that the fact that a party was listed as an additional insured on a COI did not alter the conclusion that the party was not entitled to coverage).

  Plaintiffs cite several cases in support of their argument that the COIs can help establish their status as additional insureds, but none are helpful. Two are trial court opinions that involved additional facts that, taken together with the COIs, created a factual question as to additional insured coverage. *See Sw. Marine and Gen. Ins. Co. v. Preferred Contractors Ins. Co.*, No. 153861/2014, 2015 WL 1646680, at *7 (N.Y. Sup. Ct. Apr. 13, 2015) (concluding that a summary determination was inappropriate both because the insurance policy itself was ambiguous and because the COI stated that the entity at issue was an additional insured); *Hudson Meridian Constr. Grp., LLC v. UticaNat'l Assurance Co.*, No. 156318/13, 2015 WL 1910016 (N.Y. Sup. Ct. Apr. 27, 2015) (holding that a summary disposition was premature because, among other things, the plaintiff was eventually named as an additional insured in a subsequent version of the policy, a full copy of the policies at issue had not yet been produced, and the COIs listed the plaintiff as an additional insured). Here, unlike in *Southwest Marine*, the Policy is unambiguous; unlike in

5

*Hudson Meridian*, meanwhile, the full Policy has been produced and plaintiffs do not allege that they were eventually named as additional insureds in some subsequent version of the Policy.

Plaintiffs also cite *Herrnsdorf v. Bernard Janowitz Construction Corp.*, 947 N.Y.S.2d 552 (2d Dep't 2012), but this opinion addressed the significance of a COI only in dicta and without reasoning or citation, *id.* at 554; the dispositive issue in that case was an exclusion from coverage in the insurance policy at issue, *id.* 553–54. Such "[u]nelaborated" dicta is "not binding as a matter of law." *Mayorga v. Tate*, 752 N.Y.S.2d 353, 354 (2d Dep't 2002).

Finally, *Horn Maintenance Corp. v. Aetna Casualty & Surety Co.*, 639 N.Y.S.2d 355 (1st Dep't 1996), merely reflects the principle echoed in *Southwest Marine* and *Hudson Meridian*: that a COI naming an additional insured *can* be "evidence of a contract for insurance . . . sufficient to raise an issue of fact, especially where additional factors exist favoring coverage." 639 N.Y.S.2d at 356. *Horn* expressly rejected the notion that a COI is alone sufficient to establish coverage. *See id.* And *Horn* predated *Moleon*, which involved facts precisely analogous to those here: an agreement requiring the subcontractor to name the plaintiff as an additional insured under its general insurance policy; an insurance policy that did not name the plaintiff as an additional insured; and a COI stating that the plaintiff was an additional insured. 758 N.Y.S.2d at 622–23. Read together, *Horn* and *Moleon* stand for the proposition that although a COI "*may* be sufficient to raise an issue of fact, especially where additional factors exist favoring coverage," *Horn*, 639 N.Y.S.2d at 356 (emphasis added), those factors must go beyond the ones present in *Moleon*. Plaintiffs have not attempted to distinguish *Moleon*, nor would any such attempts be successful, given how precisely analogous that case is to the facts before me here. *Horn* is accordingly of no help to plaintiffs.

6

### B. The Underlying Agreement

Plaintiffs also contend that New York courts "review[] underlying agreements for coverage purposes," and accordingly urge me to review the agreements between 2M6 and plaintiffs in considering whether to dismiss plaintiffs' claim that they are covered under the Travelers policy. Pls.' Opp'n 5. They are unable, however, to cite any binding authority in support of this argument. Nor have they explained how this approach would be consistent with *Moleon*, where the intermediate appellate court did not analyze the underlying subcontract in determining that the plaintiff was not an additional insured. 758 N.Y.S.2d at 622–24.

Plaintiffs cite several intermediate appellate decisions, but none are on point. One said nothing at all about whether courts should analyze underlying agreements, *see Tribeca Broadway Assoc.*, 774 N.Y.S.2d at 13–14, whereas another was an action for indemnification (which in this case is being litigated in state court) and was therefore directly concerned with the underlying agreement, *see Crutch v. 421 Kent Dev., LLC*, 146 N.Y.S.3d 151, 154 (2d Dep't 2021). The third involved an insurance policy that expressly stated that it would provide additional insurance for any entity that had a "work contract" with the insured, requiring the court to in turn analyze the underlying "work contract," *Trapani v. 10 Arial Way Assoc.*, 755 N.Y.S.2d 396, 398 (2d Dep't 2003); because the Policy here makes no reference to an underlying contract, *Trapani* is not instructive.

Plaintiffs also cite several state trial court decisions, none of which are persuasive. *Seneca Insurance Co., Inc. v. Mt. Hawley Insurance Co.*, 127 N.Y.S.3d 704, 2020 WL 2844550 (Sup. Ct. May 29, 2020), like *Trapani*, involved an insurance policy that extended additional coverage to any entity with which the insured had "agreed in writing in a contract or agreement" to add as an insured, requiring the court to consider the underlying agreement. 2020 WL 2844550 at *3. *City*

7

*of New York v. Philadelphia Indemnity Insurance Co.*, 899 N.Y.S.2d 58, 2007 WL 6887555 (Sup. Ct. Jan. 22, 2007), meanwhile, rested on a misreading of two intermediate appellate decisions for its decision to examine the underlying contract. It cited *Sixty Sutton Corp. v. Illinois Union Ins. Co.*, 825 N.Y.S.2d 46 (1st Dep't 2006), for the proposition that "where a third party seeks the benefit of coverage, the terms of the contract must clearly evince such intent," *Philadelphia Indem.*, 2007 WL 6887555 at *3—but read in context, "the contract" referenced in *Sixty Sutton* was the insurance agreement, not a separate contract. 825 N.Y.S.2d at 48–49 (citing *Stainless, Inc. v. Employers Fire Ins. Co.*, 418 N.Y.S.2d 76, 80 (1st Dep't 1979), which looked to "the four corners" of the *insurance contract* to determine whether it was intended to benefit a third party). *Philadelphia Indemnity* similarly cited *Greater New York Mutual Insurance Co. v. Mutual Marine Office, Inc.*, 769 N.Y.S. 2d 234 (1st Dep't 2003), for the proposition that "it is necessary to look to the policy itself and the underlying" agreement, 2007 WL 6887555 at *3—but in *Greater New York*, the insurance policy at issue covered only damage that occurred "in connection with the insured's . . . garage operations," and the court had to look to the underlying agreement to determine whether it involved "garage operations." 769 N.Y.S.2d at 236–37.[3]

Plaintiffs are unable to point to any case, nor have I identified one, standing for the proposition that courts should *always* analyze underlying agreements in determining coverage. Indeed, such an approach would be inconsistent with *Moleon*, where the underlying agreement requiring the subcontractor to name the plaintiff as an additional insured was irrelevant to the court's analysis that the plaintiff could not establish coverage. *See* 758 N.Y.S. at 622–24. I

---

[3] Plaintiffs also cite *Home Depot U.S.A., Inc. v. Farm Family Casualty Insurance Co.*, No. 13-CV-99 (JS) (AKT), 2016 WL 614678 (E.D.N.Y. Feb. 11, 2016), an unpublished district court case applying New York law. That case relied on *Philadelphia Indemnity*'s misreading of *Sixty Sutton* and *Greater New York* for its assertion that "some New York courts have reviewed the underlying agreement for coverage purposes." *Id.* at *5.

8

therefore decline plaintiffs' invitation to analyze their agreements with 2M6 in determining whether they can establish their status as additional insureds under 2M6's policy with Travelers.

## II. Plaintiffs' Remaining Arguments Are Unavailing

Plaintiffs also "seek a declaration of [their] rights" under the contractual liability exclusion in the Policy. Pls.' Opp'n 7; SAC ¶¶ 35–42, 66–78. The contractual liability exclusion provides that the Policy *will* cover 2M6's liability for damages that it assumes "in a contract or agreement that is an 'insured contract.'" SAC ¶ 36; Policy at 74.  Plaintiffs argue that their contracts with 2M6 are "insured contracts" and that 2M6 is therefore obligated to pay any damages that they incur in the underlying state court personal injury action. Pls.' Opp'n 8–9. The contractual liability exclusion provision, however, pertains only to Travelers' obligations to 2M6—and whether Travelers will indeed have to cover liability for damages that 2M6 incurs hinges on whether 2M6 is indeed obligated to indemnify plaintiffs, an issue that is being litigated in the underlying state court action. *See* Def.'s Mot. Dismiss Ex. C, ECF No. 20-5 (plaintiffs' third-party complaint in state court against 2M6 seeking indemnification); *id.* Ex. D, ECF No. 20-6 (2M6's answer to plaintiffs' third-party complaint). If, down the line, the state court determines that 2M6 agreed to indemnify plaintiffs and Travelers refuses to cover 2M6's indemnification of plaintiffs, then 2M6 may invoke this provision of the Policy in its own action against Travelers for coverage. But plaintiffs—who, as discussed, are not party to the insurance contract between 2M6 and Travelers—cannot invoke this provision in their claims against Travelers. *Cf. Midvale Indem. Co. v. Arevalos Constr. Corp.*, No. 22-CV-97 (FB) (RML), 2023 WL 5018436, at *3 (E.D.N.Y. June 13, 2023), *report and recommendation adopted*, No. 22-CV-97 (FB) (RML), 2023 WL 4346962 (E.D.N.Y. July 5, 2023) (holding that a subcontract between an insured subcontractor and a construction company "may have created a duty that" the subcontractor owed to the construction company, but

did "not impose any duty on" the insurer, which was "a stranger to that contract"); *Am. Ref-Fuel Co.*, 671 N.Y.S.2d at 96 (noting that whether the plaintiff was an additional insured was a distinct issue from whether the subcontractor was required to defend and indemnify the plaintiff).

Finally, plaintiffs do not respond to Travelers' argument that they cannot show that they are owed a defense under the Policy's supplementary payments provision. *See generally* Pls.' Opp'n. I accordingly deem this argument forfeited. *See Jajati v. JPMorgan Chase Bank, N.A.*, No. 22-CV-07676 (HG), --- F. Supp. 3d ---, 2024 WL 99659, at *2 (E.D.N.Y. Jan. 9, 2024) ("Ordinarily, any issues not addressed in an opposition brief are deemed abandoned by the party opposing the motion." (quotation marks omitted)).

## CONCLUSION

For the foregoing reasons, I GRANT Travelers' motion to dismiss plaintiffs' claims against it. I do so, however, without prejudice and with leave to amend on one specific issue. Although New York law is clear that a COI alone is insufficient to prove coverage, there is a split among the state's intermediate appellate courts regarding whether a COI can *estop* an insurer from denying coverage. *See 10 Ellicott Square Ct. Corp. v. Mountain Valley Indem. Co.*, 634 F.3d 112, 122–23 (2d Cir. 2011) (collecting cases). Plaintiffs have not alleged that Travelers is estopped from denying them coverage, nor have they requested leave to amend their complaint again to add a cause of action based on estoppel. Because leave to amend should be "freely give[n] . . . when justice so requires," Fed. R. Civ. P. 15(a)(2), however, and because an estoppel claim would not clearly be futile or unduly prejudicial, *see McCarthy v. Dun & Bradstreet Corp.*, 482 F.3d 184, 200 (2d Cir. 2007), I grant them leave to amend their complaint should they wish to add an estoppel claim against Travelers. Any amended complaint shall be filed on or before March 23, 2024. Should plaintiffs amend their complaint and should Travelers file another motion to dismiss, the

parties are directed to address the conflicting decisions of New York State's Appellate Division. They are also directed to address "relevant case law from other jurisdictions on the same or analogous issues" and "scholarly writings in the field," to assist my prediction of how the New York Court of Appeals would rule on the question. *Michalski v. Home Depot, Inc.*, 225 F.3d 113, 116–17 (2d Cir. 2000).

SO ORDERED.

/s/
Allyne R. Ross
United States District Judge

Dated:       March 5, 2024
             Brooklyn, New York