UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

MINGJI AVE4 REALTY, LLC, and STAR UNIVERSE RENOVATION CORP.,

　　　　　　　　　　Plaintiffs,

– against –

COLONY INSURANCE COMPANY, PELEUS INSURANCE COMPANY, and TRAVELERS CASUALTY INSURANCE COMPANY OF AMERICA,

　　　　　　　　　　Defendants.

---

1:23-cv-07848 (ARR)(LB)

# THIRD AMENDED COMPLAINT

Plaintiffs MingJi Ave4 Realty, LLC ("MingJi") and Star Universe Renovation Corp. ("Star"), by their attorney, Mark Fang, Esq., a partner of Zumpano Patricios & Popok, PLLC, as and for their Complaint herein, allege upon information as follows:

### NATURE OF THE ACTION

1.　　Luis Angel Gomez, a carpenter/laborer, allegedly fell while on the job at a construction project at 7910 4th Avenue in Brooklyn, resulting in commencement of a personal injury action in New York State Supreme Court, Bronx County, *Luis Angel Gomez  v. MingJi Ave4 Realty LLC, Star Universe Renovations Corp., Eric & Ng Electrical Inc., and W 8 Electric Corp.*, Index No. 816681/2022E ("*Avilez* Lawsuit").  MingJi, the owner of the constructed premises, and Star, the general contractor on the project, seek a declaratory judgment declaring their rights pursuant to the terms of the commercial general liability policy issued to them by Colony Insurance Company ("Colony"), and a commercial excess liability policy issued to them

by Peleus Insurance Company ("Peleus"). Colony and Peleus denied plaintiffs' request for coverage and tender of defense. Their denial of coverage was in error.

2. Plaintiffs bring suit against Travelers Casualty Insurance Company of America ("Travelers") for a declaratory judgment declaring their right to coverage and a defense in the *Avilez* Lawsuit as (i) additional insureds and (ii) contractual indemnitees pursuant to the terms of the commercial general liability policy Travelers issued to 2M6.

## THE PARTIES

3. Plaintiff MingJi is a New York limited liability company with its principal office located in Kings County, New York.

4. Plaintiff Star is a New York corporation with its principal office located in Richmond County, New York.

5. Defendant Colony is a Virginia corporation with its principal place of business in Richmond, Virginia. Colony is licensed and authorized to do business, including to issue insurance policies, in the State of New York.

6. Defendant Peleus is a Virginia corporation with its principal place of business in Richmond, Virginia. Peleus is licensed and authorized to do business, including to issue insurance policies, in the State of New York.

7. Defendant Travelers is a Connecticut corporation with its principal office located in Hartford, Connecticut.

8. Defendant 2M6 is a New York corporation with its principal office located in Queens County, New York.

### THE COLONY INSURANCE POLICY ISSUED TO MINGJI AND STAR

9. Colony issued Commercial General Liability Policy 600 GL 0211146-00 ("Colony Policy") to MingJi and Star for the September 13, 2022 to September 13, 2024 policy period. A copy of the Colony Policy is attached hereto as Exhibit A.

10. The Colony Policy provides coverage and an obligation to defend any insured in the event of occurrences resulting in bodily injury, such as that alleged in the *Avilez* Lawsuit.

11. Under the Colony Policy, Colony has a duty to provide coverage, defend, hold harmless and indemnify the insureds, MingJi and Star, against any suit seeking damages arising from bodily injury.

12. The Colony Policy was in full force and effect on October 26, 2022, the date of the accident alleged in the *Avilez* Lawsuit.

### COLONY'S DENIAL OF COVERAGE

13. In or about November 2022, MingJi received a letter from Luis Angel Gomez Avilez's attorney advising that Avilez intended to pursue a claim for personal injuries arising from an accident alleged to occur on October 26, 2022.

14. MingJi and Star promptly notified Colony that they had received notification of the Avilez personal injury claim and requested coverage and tender of defense under the Colony Policy.

15. By letter dated December 13, 2022, a copy of which is attached hereto as Exhibit B, Colony denied MingJi and Star's demand for coverage and tender of defense in the *Avilez* Lawsuit ("Colony Denial Letter").

16. The Denial Letter claimed that MingJi failed to provide documents required by the "Contractor Warranty – Split Schedule", an endorsement contained in the Colony Policy:

3

> As stated in the endorsement, no coverage is provided under the CIC Primary Policy if MingJi fails to meet all "contractor conditions" to coverage as set forth in the applicable SCHEDULE. Under either SCHEDULE, MingJi was required to have a signed "contract" with the contractor. The contract must provide for the contractor to "defend [and] indemnify" as specified in the applicable SCHEDULE with respect to the work to be performed by the contractor at the Project. Per the endorsement under either SCHEDULE, MingJi was to keep the required documents with its contractor "on file" and "available" at request.
>
> Here, MingJi has failed and refused to provide the documents required by the endorsement when so requested and has thereby failed to meet the conditions precedent to coverage under the CIC Primary Policy. Accordingly, MingJi's breach of the contractor conditions of the endorsement support the Determination that the Avilez Claim is outside the scope of coverage of the CIC Primary Policy.

17. Contrary to Colony's denial, MingJi timely provided all necessary documents as required under the Colony Policy when requested.

18. Colony's claim that MingJi failed and refused to provide the documents required by the endorsement accordingly was in error.

### THE PELEUS INSURANCE POLICY ISSUED TO MINGJI AND STAR

19. Peleus issued Commercial Excess Liability Policy AR 4239400-0 ("Peleus Excess Policy"), a copy of which is attached hereto as Exhibit C, to MingJi and Star for the September 13, 2022 to September 13, 2024 policy period.

20. The Peleus Excess Policy provides coverage to the insured in the event of occurrences resulting in bodily injury, such as that alleged in the *Avilez* Lawsuit.

21. Peleus pursuant to the Peleus Excess Policy has a duty to provide coverage, defend, hold harmless and indemnify MingJi against any suit seeking damages arising from bodily injury.

22. The Peleus Excess Policy was in full force and effect on October 26, 2022, the date of the accident alleged in the *Avilez* Lawsuit.

4

## PELEUS' DENIAL OF COVERAGE

23. In the Colony Denial Letter from Colony dated December 13, 2022, Colony stated that the "Avilez Claim was also reviewed by Peleus to determine coverage under the Peleus Excess Policy.

24. The Colony Denial Letter informed MingJi of Peleus' decision to deny coverage under the Peleus Excess Policy:

> The coverage terms of the PIC Excess Policy are 'Follow Form' to the CIC Primary Policy. The final purpose of this letter is to advise MingJi that PIC determined that the Avilez Claim is outside the scope of coverage of the PIC Excess Policy and that PIC has asserted a Reservation of Rights.

25. Colony's determination that the Avilez claim was outside the coverage afforded under the Peleus Excess Policy was in error.

## THE *AVILEZ* LAWSUIT

26. The underlying lawsuit is *Luis Angel Gomez Avilez v. MingJi Ave4 Realty LLC, Star Universe Renovation Corp., Eric & Ng Electrical Inc., and W8 Electric Corp.*, filed on November 8, 2022, in Supreme Court, Bronx County, and assigned Index No. 816681/2022E (previously, the "*Avilez* Lawsuit").

27. The complaint alleges that on or about October 26, 2022, plaintiff suffered personal injuries while working at 7910 4th Avenue, County of Kings, State of New York ("Premises").

## MINGJI, STAR, 2M6 AND THE 4TH AVENUE PROJECT

28. MingJi is the owner of the Premises. The project is a 6-story residential building.

29. Star, the general contractor for the project, retained 2M6 to perform work as a subcontractor on the project.

5

30. Star entered into a written contract with 2M6, a copy of which is attached hereto as Exhibit D, in which 2M6 agreed to defend, hold harmless and indemnify Star in the event of a bodily injury claim such as in the *Avilez* Lawsuit.

31. MingJi also entered into a written contract with 2M6, a copy of which is attached hereto as Exhibit E, in which 2M6 agreed to defend, hold harmless and indemnify MingJi in the event of a bodily injury claim such as in the *Avilez* Lawsuit.

### MINGJI, 2M6 AND THE TRAVELERS POLICY

32. Travelers issued commercial general liability insurance policy 007T315462 to 2M6, for the July 21, 2022 to July 21, 2023 policy period ("Travelers Policy"), a copy of which is attached hereto as Exhibit F.

33. The Travelers Policy provides coverage for bodily injury claims such as that brought in the *Avilez* Lawsuit.

34. The Travelers Policy was in full force and effect on October 26, 2022, the date of the accident alleged in the *Avilez* Lawsuit.

**The Contractual Liability Coverage Afforded to MingJi and 2M6 Under the Travelers Policy**

35. The Travelers Policy provides coverage and a defense to the insured in a suit for damages arising from bodily injury that the insured becomes legally obligated to pay.

36. In addition, the Travelers Policy applies to and covers damages arising from bodily injury in the instances of liability that the insured has assumed by contract. As provided in Section I, paragraph 2(b) of the Travelers Policy:

> 2. Exclusions
> This insurance does not apply to:
>
> b. Contractual Liability

6

"Bodily injury" or "property damages" for which the insured is obligated to pay damages by reason of the assumption of liability in a contract or agreement. <u>This exclusion does not apply to liability for damages</u>:

(2) Assumed in a contract or agreement that is an "insured contract", provided that the "bodily injury" or "property damage" occurs subsequent to the execution of the contract or agreement. Solely for the purposes of liability assumed in an "insured contract", reasonable attorneys' fees and necessary litigation expenses incurred by or for a party other than an insured will be deemed to be damages because of "bodily injury" or "property damages", provided that:

(a) Liability to such party for, or for the cost of, that party's defense has also been assumed in the same "insured contract"; and

(b) Such attorneys' fees and litigation expenses for defense of that party against a civil or alternative dispute resolution proceeding in which damages to which this insurance applies are alleged.

37. MingJi entered into a written contract with 2M6, pursuant to which 2M6 agreed to defend, hold harmless and indemnify MingJi in the event of a bodily injury claim such as alleged in the *Avilez* Lawsuit.

38. Star also entered into a written contract with 2M6, pursuant to which 2M6 agreed to defend, hold harmless and indemnify Star in the event of a bodily injury claim such as alleged in the *Avilez* Lawsuit.

39. The Travelers Policy, paragraph 13(f) of Section V—Definitions, defines an "insured contract" as:

"f. That part any other contract or agreement pertaining to your business (parenthetical omitted) under which you assume the tort liability of another party to pay for "bodily injury", "property damage" or "personal injury" to a third person or organization."

7

40. The Travelers Policy excludes coverage for bodily injury claims arising from an insured's contractual liability, except where damages have been assumed by the insured in a contract or contract that is an "insured contract," defined in the Travelers Policy to include a contract in which 2M6 has assumed the tort liability of another party to pay for bodily injury or personal injury, as it did in its contracts with MingJi and Star.

**The Travelers Policy Defense of Indemnitees**

41. The Travelers Policy provides that "[i]f we defend an insured against a "suit" and an indemnitee of the insured is also named as a party to the "suit," we will defend that indemnitee" upon the meeting of specified conditions, which MingJi and Star—as indemnitees—are able to fulfill.

42. As MingJi and Star fulfill all the conditions necessary for a defense in their capacity as 2M6's indemnitees, they are both entitled pursuant to the Travelers Policy to a defense in the *Avilez* Lawsuit in their capacities as contractual indemnitees.

**2M6's Agreements to Provide**
**Additional Insured Coverage to Plaintiffs**

43. In its written contracts with MingJi and Star, 2M6 agreed not only to provide a defense, hold harmless and indemnify MingJi and Star, but it also agreed to provide them with additional insured coverage under its commercial general liability policy.

44. Together with these written contracts in which 2M6 agreed to provide additional insured coverage to plaintiffs, 2M6 provided MingJi and Star certificates of insurance, copies of which are attached hereto as Exhibit G, indicating their status as additional insureds under the Travelers Policy.

8

45. Upon information and belief, 2M6 directed an authorized Travelers insurance agent to issue additional insured coverage for plaintiffs in fulfillment of its written contracts with them.

## AS AND FOR A FIRST CAUSE OF ACTION
*Declaratory Judgment against Colony Insurance Company*

46. Plaintiff repeats and realleges the allegations in paragraphs 1 through 45 as if fully set forth herein.

47. The *Avilez* Lawsuit seeks damages against MingJi and Star for alleged bodily injury Darwin Avilez incurred while working at the Premises.

48. The incident in the *Avilez* complaint is a covered occurrence under the policy and there are no exclusions or endorsements in the Colony Policy to allow Colony to deny MingJi and Star's demand for coverage and tender of defense in the *Avilez* Lawsuit.

49. The Colony Policy was in full force and effect on October 26, 2022, the date of the accident alleged in the *Avilez* complaint.

50. MingJi and Star have met all conditions and requirements under the Colony Policy.

51. Colony is obligated under the Colony Policy to cover and defend MingJi and Star in the *Avilez* Lawsuit.

52. By letter dated December 12, 2022, Colony denied MingJi's and Star's demands for coverage and tender of defense in the *Avilez* Lawsuit ("Denial of Coverage Letter"). Colony's denial and interpretation of the Colony Policy and circumstances of the *Avilez* Lawsuit were in error.

53. MingJi is entitled to a declaratory judgment, declaring Colony's obligation under the Colony Policy to cover and defend MingJi in the *Avilez* Lawsuit.

9

54. Star is entitled to a declaratory judgment, declaring Colony's obligation under the Colony Policy to cover and defend Star in the *Avilez* Lawsuit.

## AS AND FOR A SECOND CAUSE OF ACTION
*Declaratory Judgment against Peleus Insurance Company*

55. Plaintiff repeats and realleges the allegations in paragraphs 1 through 54 as if fully set forth herein.

56. The *Avilez* Lawsuit seeks damages against MingJi and Star for alleged bodily injuries Darwin Avilez suffered while working at the Premises.

57. The incident in the *Avilez* complaint is a covered occurrence under the policy and there are no exclusions or endorsements in the Peleus Excess Policy to allow Peleus to deny MingJi and Star's demand for coverage and tender of defense in the *Avilez* Lawsuit.

58. The Peleus Excess Policy was in full force and effect on October 26, 2022, the date of the accident alleged in the *Avilez* complaint.

59. MingJi and Star have met all conditions and requirements for coverage and a defense under the Peleus Excess Policy.

60. No endorsements or exclusions under the Peleus Excess Policy prevent Peleus' fulfillment of its duty to cover and defend MingJi and Star in the *Avilez* Lawsuit.

61. Peleus is obligated under the Peleus Excess Policy to cover and defend MingJi and Star in the *Avilez* Lawsuit.

62. Included in the Colony Denial of Coverage Letter (Colony and Peleus are both part of the Argo Group), Peleus denied MingJi and Star's demand for coverage and tender of defense in the *Avilez* Lawsuit.

63. Peleus' determination and interpretation of the Peleus Excess Policy were in error.

64. MingJi is entitled to a declaratory judgment, declaring that Peleus is obligated and has a duty to cover and defend MingJi in the *Avilez* Lawsuit pursuant to the Peleus Excess Policy.

65. Star is entitled to a declaratory judgment, declaring that Peleus is obligated and has a duty to cover and defend Star in the *Avilez* Lawsuit pursuant to the Peleus Excess Policy.

**AS AND FOR A THIRD CAUSE OF ACTION**
*Declaratory Judgment Against Travelers*

66. Plaintiff repeats and realleges the allegations in paragraphs 1 through 65 as if fully set forth herein.

67. The *Avilez* Lawsuit seeks damages against MingJi and Star for alleged bodily injuries Avilez suffered while working at the Premises.

68. The Travelers Policy provides coverage and a defense to the insured in a suit for damages arising from bodily injury that the insured becomes legally obligated to pay.

69. In addition, the Travelers Policy also applies to and covers damages arising from bodily injury in the instances of liability that the insured has assumed by contract, as provided in Section I, paragraph 2(b) of the Travelers Policy, recited in paragraph 36 of this complaint.

70. MingJi entered into a written contract with 2M6, pursuant to which 2M6 agreed to defend, hold harmless and indemnify MingJi in the event of a bodily injury claim such as alleged in the *Avilez* Lawsuit.

71. Star also entered into a written contract with 2M6, pursuant to which 2M6 agreed to defend, hold harmless and indemnify Star in the event of a bodily injury claim such as alleged in the *Avilez* Lawsuit.

72. The Travelers Policy defines an "insured contract" as previously set forth in paragraph 39 of this Complaint.

11

73. MingJi's contract with 2M6 was an insured contract under the Travelers Policy.

74. Star's contract with 2M6 was an insured contract under the Travelers Policy.

75. Thus, by way of contract, 2M6 has assumed, to the fullest extent of the law, liability for damages arising from bodily injury in the event that there is such a finding in the *Avilez* Lawsuit.

76. The Travelers Policy was in full force and effect on October 26, 2022, the date of the accident alleged in the *Avilez* Lawsuit.

77. There are no endorsements or exclusions under the Travelers Policy to deny MingJi and Star's demand for coverage and a defense in the *Avilez* Lawsuit.

78. Based on plaintiffs' contracts with 2M6, and the foregoing exception to the contractual liability exclusion in the Travelers Policy, MingJi and Star seek a declaration that the Travelers Policy applies and shall cover any and all damages for bodily injury that 2M6, pursuant to the contracts described in this third cause of action with plaintiffs, becomes legally obligated to pay in the event of a finding of liability in the *Avilez* Lawsuit.

**AS AND FOR A FOURTH CAUSE OF ACTION**
*Declaratory Judgment against Travelers in Relation
to MingJi and Star's Status as Additional Insured*

79. Plaintiff repeats and realleges the allegations in paragraphs 1 through 78 as if fully set forth herein.

80. MingJi entered into a written contract with 2M6 which expressly and specifically stated that 2M6 would procure additional insured coverage to MingJi in the general liability insurance policy it obtains for the project.

81. Star also entered into a written contract with 2M6 which expressly and specifically stated that 2M6 would procure additional insured coverage to Star in the general liability insurance policy it obtains for the project.

82. 2M6 obtained from its insurance broker and presented to MingJi and Star, certificates of insurance in which MingJi and Star were named as additional insured under the Travelers Policy.

83. MingJi and Star seek a declaration that they are additional insured under the Travelers Policy requiring Travelers to provide coverage and defend them as such in the *Avilez* Lawsuit.

### AS AND FOR A FIFTH CAUSE OF ACTION
*Estoppel against Travelers*

84. Plaintiff repeats and realleges the allegations in paragraphs 1 through 83 as if fully set forth herein.

85. An insurance agent of Travelers provided certificates of insurance, to MingJi and Star, naming them as additional insureds under the Travelers Policy. Ex. G.

86. With the certificates of insurance in hand, MingJi and Star continued with the 7910 4th Avenue construction project, assured that if something happened, they would be covered as additional insureds under the Travelers Policy.

87. The certificates of insurance showed an effective policy period of July 21, 2022, to July 21, 2023, and policy limits of $1,000,000 per occurrence and $2,000,000 general aggregate.

88. Upon information and belief, the certificates of insurance were issued by an authorized insurance agent of Travelers.

13

89. MingJi and Star reasonably relied on the certificates of insurance naming them as additional insureds under the Travelers Policy, satisfied that they could continue the 7910 4th Avenue construction with 2M6 as a subcontractor on the project.

90. Their reliance on the certificates of insurance has left MingJi and Star exposed to and in jeopardy of the Avilez lawsuit, which in turn has caused delay in the completion of the project, turned away potential buyers and investors, and disrupted financing of the project, among other injuries.

91. On the basis of the issuance of the certificates of insurance listing MingJi and Star as additional insures, Travelers is estopped from denying coverage to MingJi and Star as additional insureds under the Travelers Policy.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs MingJi Ave4 Realty, LLC and Star Universe Renovation Corp., respectfully ask this Court to enter judgment against defendants Colony Insurance Company, Peleus Insurance Company, and Travelers Casualty Insurance Company of America, as follows:

(A) Declaring that Colony Insurance Company is obligated and has a duty to provide coverage, and defend and indemnify, its insureds, MingJi and Star under Commercial General Liability Policy No. 600 GL 0211146-00 in the *Avilez* Lawsuit;

(B) Declaring that Peleus Insurance Company is obligated and has a duty to provide excess coverage, and defend and indemnify its insureds, MingJi and Star, under Commercial Excess Liability Policy No. AR4239400 in the *Avilez* Lawsuit;

(C)     Declaring that the Travelers Policy applies and shall cover any and all damages for bodily injury that 2M6, pursuant to the contracts described in this third cause of action with plaintiffs, becomes legally obligated to pay in the event of a finding of liability in the *Avilez* Lawsuit.

(D)     Declaring that MingJi and Star are additional insureds under the Travelers Policy requiring Travelers Casualty Insurance Company of America to cover and defend them as such in the *Avilez* Lawsuit;

(E)     Awarding Plaintiffs all of their costs, disbursements, attorneys' fees, and expenses incurred in bringing and litigating this declaratory judgment action;

(F)     Ordering Travelers estopped from declining coverage to MingJi and Star under the Travelers Policy; and

(G)     For such other and further relief as this Court may deem just and proper.

Dated: Queens, New York
        March 22, 2024

                                        Respectfully Submitted,

                                        ZUMPANO PATRICIOS & POPOK, PLLC

                     By:    /s/Mark Fang
                                        _____
                                        Mark Fang
                                        Partner
                                        Flushing Commons
                                        38-08 Union Street, Suite 2H-B
                                        Flushing, NY 11354
                                        tel: (929) 506-9918
                                        mfang@zplaw.com

                                        *Attorneys for Plaintiffs MingJi Ave4 Realty, LLC and Star Universe Renovation Corp.*